No. 26-2636

# United States Court of Appeals
# for the Seventh Circuit

UNITED STATES OF AMERICA, COMMODITY FUTURES TRADING COMMISSION,

Plaintiffs-Appellants,

v.

STATE OF WISCONSIN, ET AL.,

Defendants-Appellees.

On Appeal from the United States District Court
for the Eastern District of Wisconsin,
No. 2:26-cv-00749 (Griesbach, J.)

## MOTION TO EXPEDITE APPEAL

BRETT A. SHUMATE
ASSISTANT ATTORNEY GENERAL
CIVIL DIVISION

TIBERIUS DAVIS
COUNSEL TO ASST. ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
450 5th Street, N.W.
Washington, D.C. 20001
(202) 860-8970
tiberius.davis@usdoj.gov

TYLER S. BADGLEY
GENERAL COUNSEL
M. JORDAN MINOT
DEPUTY GENERAL COUNSEL
HENRY J. DICKMAN
SENIOR ASSISTANT GENERAL COUNSEL
DAVID W. RUBIN
SENIOR ASSISTANT GENERAL COUNSEL
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5433
jminot@cftc.gov

August 11, 2026

Plaintiffs-Appellants, the United States and the Commodity Futures Trading Commission (CFTC), respectfully request that this Court expedite consideration of this appeal pursuant to 28 U.S.C. § 1657(a) for good cause. Expedited consideration of this case preserves the status quo, prevents irreparable harm to the federal government, and reduces the likelihood that the federal government may need to seek emergency injunctive relief before this Court. The Plaintiffs-Appellants propose the following expedited schedule:

| | |
|---|---|
| Opening Brief and Joint Appendix: | August 24, 2026 |
| Response Brief: | September 16, 2026 |
| Reply Brief: | September 30, 2026 |

The Plaintiffs-Appellants further request oral argument to be held as soon as practicable after the completion of briefing. The parties have conferred and Defendants-Appellees provided their position as follows: "The State opposes expedited briefing and reserves the right to file a written opposition to this request."[1]

In support of this motion, the Plaintiffs-Appellants state the following:

1.     On July 29, 2026, the United States District Court for the Eastern District of Wisconsin denied the federal government's motion for a preliminary injunction that would have enjoined Wisconsin from enforcing its state gambling laws against CFTC-

---

[1] To avoid the need for expedited consideration of this appeal or emergency relief, Plaintiffs-Appellants asked Defendants-Appellees if they would agree to stay enforcement of their state gambling laws against CFTC-regulated entities during the pendency of this appeal. Defendants-Appellees declined that request.

regulated markets that offer event contracts. *United States v. Wisconsin*, No. 2:26-cv-00749 (E.D. Wis. July 29, 2026), ECF 54. The federal government had sought a preliminary injunction in response to enforcement actions by Wisconsin against five different CFTC-regulated entities in state court that sought preliminary injunctions against those entities that would prevent them from offering sports event contracts in the State. *Id.* at 2. Those actions were removed to the United States District Court for the Western District of Wisconsin, where the State filed motions to remand in all but one case, where it instead accepted the district court's jurisdiction and filed a motion for a preliminary injunction in the removed action. *Wisconsin v. Kalshi, Inc., et al.*, No. 3:26-cv-00378 (W.D. Wis.) (preliminary-injunction motion pending); *Wisconsin v. QCX, LLC, et al.*, No. 3:26-cv-00375 (W.D. Wis.); *Wisconsin v. Foris DAX Mkt., Inc., et al.*, No. 3:26-cv-00381 (W.D. Wis.). Those enforcement actions remain ongoing, and the State's motion for a preliminary injunction in the *Kalshi* case was fully briefed on August 7, 2026. *Kalshi*, No. 3:26-cv-00378, ECF 84. The federal plaintiffs timely filed a notice of appeal from the Eastern District's denial of their motion for a preliminary injunction. ECF 1.

2.      This Court "shall expedite the consideration of any action . . . if good cause . . . is shown." 28 U.S.C. § 1657(a). For the purposes of a motion to expedite, "'good cause' is shown if a right under the Constitution of the United States or a Federal Statute . . . would be maintained" by expedited consideration. *Id.*

2

3.     Wisconsin's looming enforcement of preempted state law will irreparably harm the CFTC and the markets it regulates, and expedited consideration of this appeal will mitigate that harm. The Commodity Exchange Act (CEA) vests the CFTC with "exclusive jurisdiction" over, as relevant here, "transactions involving swaps" that are "traded or executed on a contract market." 7 U.S.C. § 2(a)(1)(A). That provision preempts applications of state law that would regulate trading of swaps on CFTC-regulated exchanges. *Effex Cap., LLC v. National Futures Ass'n*, 933 F.3d 882, 894 (7th Cir. 2019) ("[P]reemption is appropriate '[w]hen application of state law would directly affect trading on or the operation of a futures market.'"); *United States v. Minnesota*, No. 26-cv-2661, __ F. Supp. 3d __, 2026 WL 2150211, at *10 (D. Minn. Jul. 27, 2026) (holding in event-contract context that "courts have recognized that § 2(a)(1)(A)'s 'exclusive jurisdiction' language has a preemptive effect on state regulation"). And the CEA defines "swaps" as "any agreement, contract, or transaction . . . that provides for any purchase, sale, payment, or delivery (other than a dividend on an equity security) that is dependent on the occurrence, nonoccurrence, or the extent of the occurrence of an event or contingency associated with a potential financial, economic, or commercial consequence." 7 U.S.C. § 1a(47)(A)(ii). A swap may likewise be an "option of any kind that is . . . based on the value[] of 1 or more . . . commodities"[2] or "an agreement,

_____

[2] A "commodity" that is the basis of a swap under this definition may be an "excluded commodity," which is "an occurrence, extent of an occurrence, or contingency . . . that is . . . [1] beyond the control of the parties [and] . . . [2] associated

contract, or transaction that is, or in the future becomes, commonly known to the trade as a swap." *Id.* § 1a(47)(A)(i), (iv).

4. The district court erred in concluding both that the sports event contracts at issue are not "swaps" for the purposes of the CEA and that the CEA did not preempt Wisconsin's application of state law to federally regulated exchanges. *See Wisconsin*, No. 2:26-cv-00749, ECF 54 at 21–25. Both holdings conflict with decisions from numerous other courts, including the Third Circuit. *See KalshiEX, LLC v. Flaherty*, 172 F.4th 220 (3d Cir. 2026); *Minnesota*, __ F. Supp. 3d ___, 2026 WL 2150211; *KalshiEX LLC v. Johnson*, __ F. Supp. 3d __, 2026 WL 1223373 (D. Ariz. May 5, 2026);.*KalshiEX LLC v. Orgel*, No. 3:26-cv-34, 2026 WL 474869 (M.D. Tenn. Feb. 19, 2026). Moreover, the district court's decision clears the way for Wisconsin to pursue its enforcement actions, which remain pending in federal court under fully briefed motions to remand and for a preliminary injunction.

5. Good cause therefore exists for this Court to expedite consideration of this appeal. If Wisconsin is able to obtain an injunction to enforce its preempted state laws to federally regulated markets, the Commission will be powerless to authorize the markets that it regulates to offer federally regulated swaps in Wisconsin, even though

---

with a financial, commercial, or economic consequence." 7 U.S.C. § 1a(19)(iv); *see also CFTC v. Trade Exch. Network Ltd.*, 117 F. Supp. 3d 29, 36 (D.D.C. 2015) (describing these "binary options" as "hav[ing] payoffs that are discontinuous, either paying nothing or a considerable amount depending on the satisfaction of some condition.").

that authority falls to the Commission's "exclusive jurisdiction." 7 U.S.C. § 2(a)(1)(A). There is no remedy at law for such an injury. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) ("When enforcement actions are imminent . . . there is no adequate remedy at law.").

6. Expedited consideration of this appeal also reduces the risk that a motion for an emergency injunction pending appeal will be necessary by giving this Court an opportunity to decide the issues before further action may be taken by the State after the resolution of its motions in the Western District of Wisconsin. The federal plaintiffs note, however, that emergency relief may be necessary if Wisconsin is successful in its motion for a preliminary injunction, or if it takes further action to enforce its laws against CFTC-regulated markets.

For the foregoing reasons, the United States and Commodity Futures Trading Commission respectfully ask this Court to expedite consideration of this appeal.

Dated: August 11, 2026

Respectfully submitted,

*/s/ M. Jordan Minot*
M. Jordan Minot
Deputy General Counsel
U.S. Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, N.W.
Washington, DC 20581
Tel. (202) 418-5433
jminot@cftc.gov

*Attorneys for the United States of America*

BRETT A. SHUMATE
ASSISTANT ATTORNEY GENERAL
CIVIL DIVISION

TIBERIUS DAVIS
COUNSEL TO THE ASSISTANT
ATTORNEY GENERAL
450 5th Street, N.W.
Washington, D.C. 20001
tiberius.davis@usdoj.gov
Tel. 202-860-8970

*Attorneys for the Commodity Futures Trading Commission*

TYLER S. BADGLEY
GENERAL COUNSEL
M. JORDAN MINOT
DEPUTY GENERAL COUNSEL
HENRY J. DICKMAN
SENIOR ASSISTANT GENERAL COUNSEL
DAVID W. RUBIN
SENIOR ASSISTANT GENERAL COUNSEL

U.S. Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Tel. 202-418-5607
Fax. 202-418-5567
tbadgley@cftc.gov
jminot@cftc.gov
hdickman@cftc.gov
drubin@cftc.gov

6

# <u>CERTIFICATE OF COMPLIANCE</u>

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,203 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.


Dated: August 11, 2026                    */s/ M. Jordan Minot*
                                          M. Jordan Minot

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 11, 2026, I electronically filed the foregoing motion with the Clerk of the Court by using the CM/ECF system, and that the CM/ECF system will accomplish service on all parties represented by counsel who are registered CM/ECF users. *See* Fed. R. App. P. 25(c)(2).

*/s/ M. Jordan Minot*
M. Jordan Minot