No. 26-2636

IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,
COMMODITY FUTURES TRADING COMMISSION,

Plaintiffs-Appellants,

v.

STATE OF WISCONSIN, *et al.*,

Defendants-Appellees.

**RESPONSE TO MOTION TO EXPEDITE APPEAL**

Defendants-Appellees, State of Wisconsin and Attorney General Joshua L. Kaul ("Wisconsin"), respectfully oppose the Plaintiffs-Appellants' ("CFTC") Motion to Expedite Appeal. The CFTC doesn't face irreparable harm if litigation involving Kalshi and other prediction market operators proceeds while this appeal is pending, and so it has failed to show "good cause" under 28 U.S.C. § 1657(a). The motion should therefore be denied, at least to the extent it requests expedited briefing.

1. This case involves a claim by the CFTC that the Commodities Exchange Act ("CEA") preempts Wisconsin's state law gambling prohibitions

as applied to sports-related event contracts traded on prediction markets like Kalshi's. (*See generally* Doc. 1 (CFTC complaint).) Shortly after filing its complaint in the Eastern District of Wisconsin, the CFTC sought a preliminary injunction "prohibiting Wisconsin from applying its laws against CFTC-regulated entities offering event contracts." (Doc. 6:33.)

2. The CFTC's preliminary injunction motion aimed largely at halting three separate, ongoing civil enforcement actions Wisconsin has filed against prediction markets. *See Wisconsin v. Kalshi, Inc., et al.*, No. 3:26-cv-00378 (W.D. Wis.) (remand motion pending)[1]; *Wisconsin v. QCX, LLC, et al.*, No. 3:26-cv-00375 (W.D. Wis.) (remand motion pending); *Wisconsin v. Foris DAX Mkt., Inc., et al.*, No. 3:26-cv-00381 (W.D. Wis.) (remand motion pending).

3. On July 29, 2026, the district court in this case denied the CFTC's motion for preliminary injunction. (*See generally* Doc. 54.) The court found that the CFTC was not likely to succeed on the merits of its preemption claim for two independent reasons.

4. First, the district court held that sports-related event contracts likely are not "swaps" covered by the CEA, joining a host of other courts to reach the same conclusion, and declining to follow the Third Circuit's contrary

[1] The CFTC incorrectly states that the State has "accepted the district court's jurisdiction" in that case. (Mot. to Expedite, ¶ 1.) In fact, the State filed a remand motion, which the district court hasn't yet resolved. *See Wisconsin v. Kalshi, Inc., et al.*, No. 3:26-cv-00378 (W.D. Wis.), Docs. 27–28.

ruling as "offering no limiting principle" and leading to a "rationality-defying outcome." (Doc. 54:17–21 (citing, among other cases, *QCX LLC v. Nessel*, No. 1:26-cv-710, 2026 WL 1895958 (W.D. Mich. June 17, 2026), *KalshiEX, LLC v. Schuler*, No. 2:25-cv-1165, 2026 WL 657004 (S.D. Ohio Mar. 9, 2026), and *KalshiEX, LLC v. Flaherty*, 172 F.4th 220 (3d Cir. 2026).)

5. Second, even if sports-related contracts are "swaps" covered by the CEA, the district court held that the CEA still likely doesn't preempt state gambling laws in this area, another result reached by many other courts. (Doc. 54:21–25); *see, e.g.*, *KalshiEX, LLC v. Schuler*, No. 26-3196, 2026 WL 1295806, at *4 (6th Cir. Apr. 24, 2026); *KalshiEX, LLC v. Williams*, No. 25-cv-8846, 2026 WL 1961872, at *5 (S.D.N.Y. July 7, 2026); *KalshiEX, LLC v. Martin*, 793 F. Supp. 3d 667, 680–82 (D. Md. 2025).[2]

6. The court then considered the balance of equities and concluded that "the CFTC has failed to show any significant harm, let alone harm that would outweigh that suffered by the State . . . ." (Doc. 54:28.) The court observed that "the regulated entities"—that is, Kalshi and the like—"rather than the CFTC, would be the proper plaintiffs to . . . allege irreparable harm

---

[2] Of course, some courts have reached opposite conclusions on one or both issues. *See, e.g.*, *KalshiEX, LLC v. Flaherty*, 172 F.4th 220 (3d Cir. 2026); *KalshiEX LLC v. Orgel*, No. 3:26-cv-00034, 2026 WL 474869 (M.D. Tenn. Feb. 19, 2026); *KalshiEX LLC v. Johnson*, No. 26-cv-01715, 2026 WL 1223373 (D. Ariz. May 5, 2026); *United States v. Minnesota*, Nos. 26-cv-2661, 26-cv-2778, 26-cv-2841, 2026 WL 2150211 (D. Minn. July 27, 2026).

from the risk of enforcement." (Doc. 54:26.) Any potential harm to the CFTC was, in the district court's view, outweighed by Wisconsin's "interest in exercising its traditional police powers to prevent the risks associated with gambling addiction." (Doc. 54:27.)

7. The CFTC appealed the district court's decision and now seeks to expedite the appeal under 28 U.S.C. § 1657(a). Doing so requires a showing of "good cause," such as that "a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." So, it isn't enough, as the CFTC suggests (Mot. to Expedite, ¶ 2), merely to identify a constitutional or statutory right; the CFTC also must show that the appeal's "factual context" presents a real need for expedited treatment.

8. Here, the factual context doesn't create good cause for expediting this appeal. The CFTC asserts that "Wisconsin's looming enforcement of preempted state law will irreparably harm the CFTC and the markets it regulates" (Mot. to Expedite, ¶ 3), but that isn't so for several reasons.

9. First, the CFTC identifies no imminent, concrete consequences to its own operations. It isn't a party to any of Wisconsin's pending civil enforcement cases against private prediction market operators. Although those private companies might face various consequences from Wisconsin's enforcement efforts, the CFTC doesn't. That presents a stark contrast with

preemption cases like *Geo Group, Inc. v. Newsom*, 50 F.4th 745, 753–54 (9th Cir. 2022), in which the allegedly preempted state law threatened "profound disruptions" to federal government operations, or *United States v. Supreme Court of New Mexico*, 839 F.3d 888 (10th Cir. 2016), where the allegedly preempted state law directly regulated federal officials. Those kinds of concrete impacts on federal government operations might conceivably justify an expedited appeal, and they are absent here.

10. And even from the perspective of the private prediction market operators, they can protect their interests without an expedited appeal. Wisconsin's pending enforcement efforts are separate judicial actions in which those companies are challenging whether Wisconsin's gambling prohibition can or does apply to them. The companies are vigorously resisting Wisconsin's enforcement efforts, and independent judges will decide whether Wisconsin can lawfully proceed.

11. Second, the CFTC overstates the imminence of further action in those three pending enforcement cases. All of them are awaiting decisions on remand motions. And although Wisconsin filed a preliminary injunction motion in one of them after removal, Wisconsin is "seek[ing] a ruling on [that] motion only if the Court denies the State's motion to remand." *See* Plaintiff's Memorandum of Law In Support of Motion for Preliminary Injunction, *State of Wisconsin v. Kalshi, Inc.*, No. 26-cv-378, Doc. 63, at 18 (W.D. Wis., June 9,

2026). In short, no further enforcement action will occur in those other cases until Wisconsin's remand motions are resolved.

12. Finally, the CFTC undermines the supposed need for an expedited appeal by threatening to move for an injunction pending appeal anyway, if Wisconsin's pending remand motions in those other cases are resolved while this appeal proceeds. (Mot. to Expedite, ¶ 6.) It seems unlikely that even an expedited appeal would be resolved before those motions are, and so the net result of granting the CFTC's motion would likely be both a rushed appeal *and* a future emergency injunction motion.

13. This is an important, complex case that merits at least an ordinary briefing schedule. That said, Wisconsin has no objection to the CFTC's request that the Court expedite oral argument and its decision, once briefing is completed in the ordinary course.

For the foregoing reasons, Wisconsin respectfully requests that the Court deny the CFTC's Motion to Expedite, at least to the extent the CFTC requests an abbreviated briefing schedule.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

*Electronically signed by:*

*/s/ Colin T. Roth*
COLIN T. ROTH

Assistant Attorney General
State Bar #1103985

CHARLOTTE GIBSON
Assistant Attorney General
State Bar #1038845

LEWIS W. BEILIN
Assistant Attorney General
State Bar #1038835

Attorneys for Defendants-Appellees
State of Wisconsin and Wisconsin
Attorney General Joshua L. Kaul

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7636 (Roth)
(608) 957-5218 (Gibson)
(608) 266-3076 (Beilin)
(608) 294-2907 (Fax)
colin.roth@wisdoj.gov
charlie.gibson@wisdoj.gov
lewis.beilin@wisdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on August 19, 2026, I electronically filed the foregoing motion with the Clerk of the Court by using the CM/ECF system, and that the CM/ECF system will accomplish service on all parties represented by counsel who are registered CM/ECF users. *See* Fed. R. App. P. 25(c)(2).

*/s/ Lewis W. Beilin*
Lewis W. Beilin
Assistant Attorney General
Wisconsin Department of Justice